**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:20-cv-00339 |
| | § | |
| 0.693 ACRE OF LAND, MORE OR LESS, | § | |
| SITUATE IN STARR COUNTY, STATE OF | § | |
| TEXAS, ESTATE OF MARTIN GARZA, *et* | § | |
| *al.*, | § | |
| *Defendants*. | § | |

## COMPLAINT IN CONDEMNATION

1.      This is a civil action brought by the United States of America at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property under the power of eminent domain through a Declaration of Taking, and for the determination and award of just compensation to the owners and parties in interest.

2.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

3.      The interest in property taken herein is under and in accordance with the authority set forth in Schedule "A."

4.      The public purpose for which said interest in property is taken is set forth in Schedule "B."

5.      The legal description and map or plat of land in which certain interests are being acquired by the filing of this Complaint, pursuant to the Declaration of Taking, are set forth in Schedules "C" and "D."

6.      The interest being acquired in the property described in Schedules "C" and "D" is set forth in Schedule "E."

7.      The amount of just compensation estimated for the property interest being acquired is set forth in Schedule "F."

8.      The names and addresses of known parties having or claiming an interest in said acquired property are set forth in Schedule "G."

9.      Local and state taxing authorities may have or claim an interest in the property by reason of taxes and assessments due and eligible.

WHEREFORE, Plaintiff requests judgment that the interest described in Schedule "E" of the property described in Schedules "C" and "D" be condemned, and that just compensation for the taking of said interest be ascertained and awarded, and for such other relief as may be lawful and proper.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By: *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney
Attorney-in-Charge for Plaintiff
S.D. Tex. ID No. 3135288
Texas Bar No. 24106385
600 E. Harrison Street, Suite 201
Brownsville, Texas 78520
Tel: (956) 983-6057
Fax: (956) 548-2775
E-mail: Baltazar.Salazar@usdoj.gov

# SCHEDULE A

## **SCHEDULE A**

## AUTHORITY FOR THE TAKING

The property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Act of Congress approved February 15, 2019, as Public Law 116-6, div. A, tit. II, Section 230, 133 Stat. 13, which appropriated the funds that shall be used for the taking.

# SCHEDULE B

## **SCHEDULE B**

<u>PUBLIC PURPOSE</u>

The public purpose for which said property is taken is to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

# SCHEDULE C

## SCHEDULE C

LEGAL DESCRIPTION

Starr County, Texas

Tract:  RGV-RGC-5053
Owner:  Estate of Martin Garza
Acres:  0.693

**Being** a 0.693 of one acre (30,199 square feet) parcel of land, more or less, being out of the Francis de la Garza Survey, Abstract No. 86, Porción 71, ancient jurisdiction of Camargo, Mexico, now Starr County, Texas, being out of a called 9.21 acre tract designated as Share 6-A in the Final Decree of Partition recorded in Volume 88, Page 361, Deed Records of Starr County, Texas, and being the same tract of land conveyed to Martin Garza by Special Warranty Deed recorded in Instrument No. 2018-344868, Official Records of Starr County, Texas (Tract I), said parcel of land being more particularly described by metes and bounds as follows;

**Commencing** at a found 5/8" iron rod at the northeast corner of Share 6-A, the northwest corner of Share 5-A and the northwest corner of a called 1.8946 acre tract conveyed to Mauro R. Garcia, Jr. and Olga Yolanda Garcia by Partition Deed recorded in Volume 454, Page 970, Deed Records of Starr County, Texas (Tract 5), said point being in the south line of a called 1.061 acre tract conveyed to Francisca Vera by Final Decree of Partition recorded in Volume 88, Page 361, Deed Records of Starr County, Texas (Share 136), said point having the coordinates of N=16665329.647, E=848234.424, said point bears S 79°44'04" E, a distance of 1849.21' from United States Army Corps of Engineers Control Point No. 210;

**Thence:** S 09°21'13" W (S 08°31'00" W, Record), departing the south line of Share 136, with the east line of Share 6-A, the west line of Share 5-A, and the west line of the 1.8946 acre tract, for a distance of 94.23' to a set 5/8" rebar with an MDS LAND SURVEYING aluminum disk capped survey marker stamped with the following description: "RGV-RGC-5053-1=5077-1" for the **Point of Beginning** and northeast corner of Tract RGV-RGC-5053, said point being in the east line of Share 6-A, the west line of Share 5-A, and the west line of the 1.8946 acre tract, said point having the coordinates of N=16665236.672, E=848219.109;

**Thence:** S 09°21'13" W (S 08°31'00" W, Record), continuing with the east line of Share 6-A, the west line of Share 5-A, and the west line of the 1.8946 acre tract, for a distance of 201.16' to a set 5/8" rebar with an MDS LAND SURVEYING aluminum disk capped survey marker stamped with the following description: "RGV-RGC-5053-2=5077-4" for the southeast corner of Tract RGV- RGC-5053, said point being in the east line of Share 6-A, the west line of Share 5-A, and the west line of the 1.8946 acre tract;

## SCHEDULE C (Cont.)

**Thence:** N 86°48'53" W, departing the west line of Share 5-A and the west line of the 1.8946 acre tract, over and across Share 6-A, for a distance of 151.00' to a set 5/8" rebar with an MDS LAND SURVEYING aluminum disk capped survey marker stamped with the following description: "RGV-RGC-5053-3" for the southwest corner of Tract RGV-RGC-5053, said point being in the west line of Share 6-A and the east line of a called 11.473 acre tract conveyed to Genaro Carreon, et al by Final Decree of Partition recorded in Volume 88, Page 361, Deed Records of Starr County, Texas (Share 7), and being the same tract of land conveyed to Ignacia G. Gutierrez (Undivided Interest) by Warranty Deeds recorded in Volume, 169, Page 563, Volume 170, Page 36, and Volume 170, Page 279, Deed Records of Starr County, Texas;

**Thence:** N 09°21'13" E (N 08°31'00" E, Record), with the west line of Share 6-A and the east line of Share 7, for a distance of 201.16' to a set 5/8" rebar with an MDS LAND SURVEYING aluminum disk capped survey marker stamped with the following description: "RGV-RGC-5053- 4" for the northwest corner of Tract RGV-RGC-5053, said point being in the west line of Share 6- A and the east line of Share 7;

**Thence:** S 86°48'53" E, departing the east line of Share 7, over and across Share 6-A, for a distance of 151.00' to the **Point of Beginning.**

**Note:** All bearings, distances and coordinates are referenced to the Texas State Plane Coordinate System, South Zone grid (SPCS 4205) NAD'83. Values may be converted to ground values using a combined scale factor of 1.000040000.

# SCHEDULE D

**SCHEDULE D**

MAP or PLAT



## SCHEDULE D (Cont.)

| LINE | BEARING | DISTANCE | REC-BEARING | REC-DISTANCE |
|------|---------|----------|-------------|--------------|
| L1 | S 79°44'04" E | 1849.21' | N/A | N/A |
| L2 | S 09°21'13" W | 94.23' | S 08°31'00" W | N/A |
| L3 | S 09°21'13" W | 201.16' | S 08°31'00" W | N/A |
| L4 | N 86°48'53" W | 151.00' | N/A | N/A |
| L5 | N 09°21'13" E | 201.16' | N 08°31'00" E | N/A |
| L6 | S 86°48'53" E | 151.00' | N/A | N/A |

COORDINATE TABLE

| MONUMENT No. | NORTHING | EASTING | MONUMENT NAME |
|--------------|----------|---------|---------------|
| 1 | 16665236.672 | 848219.109 | RGV-RGC-5053-1=5077-1 |
| 2 | 16665038.182 | 848186.414 | RGV-RGC-5053-2=5077-4 |
| 3 | 16665046.572 | 848035.650 | RGV-RGC-5053-3 |
| 4 | 16665245.062 | 848068.345 | RGV-RGC-5053-4 |
| 5 | 16665329.647 | 848234.424 | POC RGV-RGC-5053 5077 |



LEGEND

● 5/8" REBAR W/ "MDS" CAP SET

⊙ FOUND MONUMENT

△ CONTROL POINT

DRSC    DEED RECORDS OF STARR COUNTY
IPF    IRON PIPE FOUND
IRF    IRON ROD FOUND
ORSC    OFFICIAL RECORDS OF STARR COUNTY
PG    PAGE
POB    POINT OF BEGINNING
POC    POINT OF COMMENCING
VOL    VOLUME

——————— ACQUISITION BOUNDARY
—··—··—··—··— ADJOINING ACQUISITION BOUNDARY
〰〰〰〰 BRUSH/VEGETATION
———— P L ———— PROPERTY LINE
——x——x——x—— WIRE FENCE
(#) SEE SHEET 5

NOTES:

1. THE BEARINGS, DISTANCES, AND COORDINATE VALUES SHOWN HEREON ARE BASED ON THE TEXAS STATE PLANE COORDINATE SYSTEM, REFERENCED TO NAD83(2011), TX SOUTH ZONE (4205), US SURVEY FEET, USING THE CORS(2011) ADJUSTMENT. THE DISTANCES AND COORDINATES SHOWN HEREON ARE GRID VALUES AND MAY BE CONVERTED TO GROUND (SURFACE) USING THE TXDOT COUNTY PUBLISHED COMBINED SCALE FACTOR OF 1.00004000 (E.G. GRID X 1.00004000 = SURFACE).
2. A SEPARATE METES AND BOUNDS DESCRIPTION OF EQUAL DATE WAS WRITTEN IN CONJUNCTION WITH THIS SURVEY PLAT.
3. THE SQUARE FOOTAGE TOTAL RECITED HEREIN IS BASED ON MATHEMATICAL CALCULATIONS AND SUBJECT TO THE RULES OF ROUNDING AND SIGNIFICANT NUMBERS.
4. THE REMAINING ACREAGE OF THE PARENT TRACT WAS CALCULATED FROM THE RECORDED INSTRUMENTS AND IS NOT BASED ON FIELD DIMENSIONS.
5. FIELD SURVEY COMPLETED 2/26/2020.
6. THIS SURVEY WAS PREPARED WITHOUT THE BENEFIT OF A TITLE COMMITMENT.
7. MDS LAND SURVEYING COMPANY, INC. HAS PROVIDED THESE SURVEY SERVICES TO THE CORPS OF ENGINEERS AS A SUBCONSULTANT TO B&F ENGINEERING, INC., THE PRIME CONSULTANT. THE CORPS' CONTRACTING OFFICER'S REPRESENTATIVE IS STEPHEN CORLEY, RPLS (817) 886-1143.
8. TEXAS 811 UTILITY LOCATE REQUEST WAS SUBMITTED FOR THIS SURVEY ON APRIL 2, 2020 (TICKET NO. 2059362327).



**MDS LAND SURVEYING COMPANY, INC.**

ALTA | BOUNDARY | CONSTRUCTION | OIL & GAS | TOPOGRAPHIC
TEXAS BOARD OF PROFESSIONAL LAND SURVEYING FIRM REGISTRATION No. 10019400
7266 SIDNEY BAKER · KERRVILLE, TX 78028 · 830-896-3818

| | |
|---|---|
| **METES & BOUNDS SURVEY** | |
| **MARTIN GARZA** | |
| **TRACT No. RGV-RGC-5053** | |
| **STARR COUNTY**     **TEXAS** | |

| | BY | DATE |
|---|---|---|
| Drawn | LMK | 4/20 |
| Checked | LMK | 4/20 |
| Surveyor | JDB | 4/20 |

CONTRACT NO.: W91270-14-D-0013
T.O.: W45XMA81577970001

Fld Bk. #: 196/55-75-56
Tract ID(MD) SURVEY #: RW



**ENGINEERING, INC.**
908 AIRPORT ROAD
HOT SPRINGS, AR 71913
(PH) 501-767-2366
(FAX) 501-767-5559
(EMAIL) info@bnfeng.com



US Army Corps of Engineers

Drawing Ref. No.
SHEET 4 OF 6

MDS PROJ. NO. 18-200-00    FILE NAME: RGV-RGC-5053    DATE: 4/3/2020

## SCHEDULE D (Cont.)



<table>
<tr>
<td>
(1a)<br>
MARTIN GARZA<br>
CALLED 9.21 ACRES<br>
SPECIAL WARRANTY DEED<br>
INST. No. 2018—344868 ORSC<br>
(TRACT I)<br>
REMAINING AREA: 0.349 ACRE
</td>
<td>
(1b)<br>
MARTIN GARZA<br>
CALLED 9.21 ACRES<br>
SPECIAL WARRANTY DEED<br>
INST. No. 2018—344868 ORSC<br>
(TRACT I)<br>
REMAINING AREA: 8.168 ACRES
</td>
<td>
(2)<br>
MAURO R. GARCIA, JR.<br>
& OLGA YOLANDA GARCIA<br>
CALLED 1.8946 ACRES<br>
PARTITION DEED<br>
VOL. 454, PG. 970 ORSC<br>
(TRACT 5)
</td>
</tr>
<tr>
<td>
(3)<br>
FRANCISCA VERA<br>
CALLED 1.061 ACRES<br>
FINAL DECREE OF PARTITION<br>
VOL. 88, PG. 361 DRSC<br>
(SHARE 136)
</td>
<td>
(4)<br>
GENARO CARREON, ET AL<br>
CALLED 11.473 ACRES<br>
FINAL DECREE OF PARTITION<br>
VOL. 88, PG. 361 DRSC<br>
(SHARE 2)
</td>
<td>
(5)<br>
NOEMI GARZA FLORES<br>
CALLED 48.4729 ACRES<br>
DEED OF GIFT<br>
VOL. 965, PG. 357 ORSC
</td>
</tr>
<tr>
<td></td>
<td>
IGNACIA G. GUTIERREZ<br>
(UNDIVIDED INTEREST)<br>
WARRANTY DEED<br>
VOL. 169, PG. 563 DRSC<br>
VOL. 170, PG. 36 DRSC<br>
VOL. 170, PG. 279 DRSC
</td>
<td></td>
</tr>
<tr>
<td>
(6)<br>
ANTONIO MUNIZ<br>
CALLED 4.132 ACRES<br>
FINAL DECREE OF PARTITION<br>
VOL. 88, PG. 361 DRSC<br>
(SHARE 10—A)
</td>
<td></td>
<td>
(8)<br>
SAMUEL DIAZ, ET AL<br>
CALLED 14.559 ACRES<br>
FINAL DECREE OF PARTITION<br>
VOL. 88, PG. 361 DRSC<br>
(SHARE 8)
</td>
</tr>
<tr>
<td></td>
<td>
(7)<br>
ABEL GARZA, ET AL<br>
CALLED 15.923 ACRES<br>
FINAL DECREE OF PARTITION<br>
VOL. 88, PG. 361 DRSC<br>
(SHARE 27)
</td>
<td></td>
</tr>
<tr>
<td>
(9)<br>
IGNACIO VILLARREAL, ET AL<br>
CALLED 4.219 ACRES<br>
FINAL DECREE OF PARTITION<br>
VOL. 88, PG. 361 DRSC<br>
(SHARE 9)
</td>
<td></td>
<td>
(11)<br>
OWNER UNKNOWN<br>
CALLED 3.724 ACRES<br>
FINAL DECREE OF PARTITION<br>
VOL. 88, PG. 361 DRSC<br>
(SHARE 12—A)
</td>
</tr>
<tr>
<td></td>
<td>
(10)<br>
LUISA ARREDONDO<br>
VDA. DE GARZA, ET AL<br>
CALLED 3.417 ACRES<br>
FINAL DECREE OF PARTITION<br>
VOL. 88, PG. 361 DRSC<br>
(SHARE 11—A)
</td>
<td></td>
</tr>
</table>







**MDS LAND SURVEYING COMPANY, INC.**

ALTA | BOUNDARY | CONSTRUCTION | OIL & GAS | TOPOGRAPHIC

TEXAS BOARD OF PROFESSIONAL LAND SURVEYING FIRM REGISTRATION No. 10019400
7268 SIDNEY BAKER • KERRVILLE, TX 78028 • 830-896-1616

**METES & BOUNDS SURVEY**
**MARTIN GARZA**
**TRACT No. RGV-RGC-5053**
**STARR COUNTY**                                **TEXAS**

MDS PROJ. NO. 18-200-00        FILE NAME: RGV-RGC-5053        DATE: 4/3/2020

Drawing Ref. No.
SHEET 5 OF 6

## SCHEDULE D (Cont.)



Tract: RGV-RGC-5053
Owner: Martin Garza
Acreage: 0.693

# SCHEDULE E

**SCHEDULE E**

ESTATE TAKEN

Starr County, Texas

Tract:  RGV-RGC-5053
Owner:  Estate of Martin Garza
Acres:  0.693

The estate acquired is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to the mineral interests of third parties; excepting and reserving to the Grantor all interests in minerals and appurtenant rights for the exploration, development, production and removal of said minerals;

Reserving to the owners of property conveyed in Special Warranty Deed to Martin Garza, Document No. 2018-344868, recorded in Official Records of Starr County, Texas, reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the map below;

Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation, and maintenance of the border barrier.

## SCHEDULE E (Cont.)



# SCHEDULE

# F

## **SCHEDULE F**

## ESTIMATE OF JUST COMPENSATION

The sum estimated as just compensation for the land being taken is TWO THOUSAND, THREE HUNDRED DOLLARS AND NO/100 ($2,300.00), to be deposited herewith in the Registry of the Court for the use and benefit of the persons entitled thereto.

# SCHEDULE G

## SCHEDULE G

## INTERESTED PARTIES

The following table identifies all persons who have or claim an interest in the property condemned and whose names are now known, indicating the nature of each person's property interest(s) as indicated by references in the public records and any other information available to the United States. *See* Fed. R. Civ. P. 71.1(c).

| Interested Party | Reference |
|---|---|
| **Estate of Martin C. Garza**<br>██████████<br>McAllen, Texas ████ | **RGV-RGC-5053**<br>Special Warranty Deed, Document #2018-344868; Recorded August 24, 2018, Deed Records of Starr County |
| **Ameida Salinas**<br>**Starr County Tax Assessor-Collector**<br>100 N FM 3167, Room 201<br>Rio Grande City, Texas 78582 | **RGV-RGC-5053**<br>Property Id. 24852<br>Acct No. 00086-07100-00250-000000 |

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | 0.693 Acre of Land, More or Less, Situate in Starr County, State of Texas, Estate of Martin Garza, et al., |

**(b)**   County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant        Starr
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
            THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

AUSA Baltazar Salazar, U.S. Attorney's Office, 600 E. Harrison Street,
Suite 201, Brownsville, Texas 78520, (956) 983-6057

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
        Plaintiff

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☒ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation -
        Transfer

☐ 8   Multidistrict
        Litigation -
        Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
40 U.S.C. 3113 and 3114

Brief description of cause:
Land condemnation proceeding for fee simple interest to construct, install, operate and maintain border security.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*        JUDGE _____        DOCKET NUMBER _____

DATE
10/22/2020

SIGNATURE OF ATTORNEY OF RECORD
s/Baltazar Salazar

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.    Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.