**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 7:20-cv-00339 |
| § | |
| 0.693 ACRE OF LAND, MORE OR LESS, § | |
| SITUATE IN STARR COUNTY, STATE OF § | |
| TEXAS, ESTATE OF MARTIN GARZA, *et* § | |
| *al.*, § | |
| *Defendants*. § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)**

**1.     State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Baltazar Salazar, Assistant United States Attorney, on behalf of United States of America ("Plaintiff"), conferred with Defendant Ameida Salinas, Starr County Tax Assessor-Collector via telephone and email on December 29, 2020 and January 21, 2021.

Plaintiff attempted to confer under FRCP 26(f) with Defendant San Juanita J. Garza on December 1, 29-31, 2020 and January 4, 7, 13[1], 28-29, 2021, however, has been unsuccessful each attempt as Defendant Garza actively refuses to resolve in good faith the remaining issues in this case and/or engage in settlement discussions with Plaintiff. Under the Court's guidance in its "Order" entered January 7, 2021[2], Plaintiff files this Joint Discovery/Case Management Plan Under FRCP 26(f) unilaterally as to Defendant San Juanita J. Garza.

**2.      List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

None at this time.

**3.     Briefly describe what this case is about.**

This is a civil action brought by Plaintiff under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property for purposes of constructing, installing, operating, and maintaining roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures to help secure the United States/Mexico border

---

[1] *See* Dkt. 15 ("Notice of Service of Order [Dkt. 13] to Defendant San Juanita J. Garza, Dependent Administrator of the Estate of Martin Corona Garza").

[2] *See* Dkt. 13 at 4 (the Court ordered the parties to file a joint discovery/case management plan "or alternatively for Plaintiff United States to indicate how it will proceed unilaterally…" by February 5, 2021).

within the State of Texas; and for the determination and award of just compensation to the owners and parties in interest.

**4.     Specify the allegation of federal jurisdiction.**

Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

**5.     Name the parties who disagree with the jurisdictional allegations and state their reasons.**

Plaintiff and Defendant Ameida Salinas do not disagree with jurisdictional allegations.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**6.     List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

Plaintiff and Defendant Ameida Salinas do not anticipate additional parties that should be included in this case.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**7.     List anticipated interventions.**

Plaintiff and Defendant Ameida Salinas do not anticipate interventions.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**8.     Describe any class-action issues.**

Plaintiff and Defendant Ameida Salinas do not present class-action issues in this case.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**9.     State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

Plaintiff and Defendant Ameida Salinas will provide initial disclosures pursuant to Rule 26(a)(1)(A) by February 19, 2021.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**10.    Describe the discovery plan proposed by the parties, including:**

    **A.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a)?**

Plaintiff and Defendant Ameida Salinas respectfully request the Court delay discovery and entry of a Scheduling Order in this case for 60 days from January 20, 2021. President Joseph R. Biden executed a Presidential Proclamation on January 20, 2021, terminating the national emergency at the Southern Border Wall and directing "a careful review of all resources appropriated or redirected to construct a southern border wall" through the development of "a plan for the redirection of funds concerning the southern border wall."[3] A plan for the redirection of funds concerning the southern border wall is expected to be developed within 60 days from the date of the proclamation and accordingly, Plaintiff's position as to the taking in this case will be determined upon completion and entry of the referenced **Plan for Redirecting Funding and Repurposing Contracts**.[4]

After the 60 day pause and to the extent permitted by the **Plan for Redirecting Funding and Repurposing Contracts,** Plaintiff will move the Court for an order granting immediate possession of the Subject Tract, and will proceed with discovery and the resolution of the issue of just compensation by brief submission.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**B. When and to whom the plaintiff anticipates it may send interrogatories?**

Plaintiff does not anticipate sending interrogatories in this action. However, in the event settlement is not reached and/or Defendant sends interrogatories to any individuals involved in determining the Plaintiff's estimate of just compensation, Plaintiff will send interrogatories to Defendant San Juanita J. Garza, Dependent Administrator of the Estate of Martin Corona Garza.

**C.     When and to whom the defendant anticipates it may send interrogatories?**

Defendant Ameida Salinas, Starr County Tax Assessor-Collector does not anticipate sending interrogatories in this case.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions?**

Plaintiff does not anticipate taking oral depositions in this action. However, in the event settlement is not reached and/or Defendant takes the deposition of any individuals involved in determining the Plaintiff's estimate of just compensation, Plaintiff will depose Defendant San Juanita J. Garza, Dependent Administrator of the Estate of Martin Corona Garza.

**E.     Of whom and by when the defendant anticipates taking oral depositions?**

Defendant Ameida Salinas, Starr County Tax Assessor-Collector does not anticipate taking oral depositions in this case.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

---

[3] Pres. Proc. No. 10142, 86 Fed. Reg. 7225 (Jan. 20, 2021), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-termination-of-emergency-with-respect-to-southern-border-of-united-states-and-redirection-of-funds-diverted-to-border-wall-construction/.

[4] *Id.*

**F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

Defendant San Juanita J. Garza, Dependent Administrator of the Estate of Martin Corona Garza, has the burden of proof regarding the issue of just compensation in this action. Plaintiff does not know the position of Defendant San Juanita J. Garza at this time. Plaintiff is not opposed to designating experts and providing reports required under Rule 26(a)(2)(B), by the end of the discovery period as designated by the Court in its Scheduling Order. Plaintiff asks that the Court consider a deadline for rebuttal experts as well.

**G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Defendant San Juanita J. Garza, Dependent Administrator of the Estate of Martin Corona Garza, has the burden of proof regarding the issue of just compensation in this action. Plaintiff does not know the position of Defendant San Juanita J. Garza at this time.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

In the event Defendant deems it necessary to designate experts in this action, Plaintiff anticipates taking the deposition of any expert designated by Defendant by the end of the discovery period as designated by the Court in its Scheduling Order.

**11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff and Defendant Ameida Salinas agree to the proposed discovery plan. Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**12.  Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have yet to exchange initial disclosures. Defendant Ameida Salinas has provided Plaintiff a tax statement of ad valorem taxes owed on the subject property prior to the date of taking in this case. Plaintiff has attempted to confer with Defendant San Juanita J. Garza to discuss pending issues and/or provide information pertinent to Plaintiff and Defendant Garza resolving all pending issues in this case, but has been unsuccessful in each attempt.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**13.  State the date the planned discovery can reasonably be completed.**

If the Court grants discovery after the 60-day delay requested by Plaintiff and Defendant Ameida Salinas, Plaintiff anticipates that discovery can be reasonably completed 4 months from the entry of the Court's Scheduling Order.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff attempted to resolve this matter with Defendant San Juanita J. Garza, Dependent Administrator of the Estate of Martin Corona Garza, prior to condemnation and since the commencement of this case; however, Defendant San Juanita J. Garza actively refuses to participate in settlement negotiations and/or in resolving any issues pending in this case. Defendant Ameida Salinas, Starr County Tax Assessor-Collector, provided a tax statement to Plaintiff of ad valorem taxes owed on the subject property prior to the date of taking, and agrees to payment from the just compensation to paid in this case to hold Plaintiff harmless of any existing claims for ad valorem taxes owed, or claims that may arise against the property taken in this case.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**15.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

Prior to filing suit, on or about June 13, 2020, the United States Army Corps of Engineers ("USACE"), on behalf of Customs and Border Protection ("CBP"), mailed a value letter and offer to sell ("OTS") to the last known address for record landowner, Martin Garza, for purposes of negotiating the fee acquisition of a 0.693 acre tract of land, more or less, identified RGV-RGC-5053 ("Subject Tract"), in support of the Border Infrastructure Project.

On June 15, 2020, a USACE realty specialist spoke with Defendant San Juanita J. Garza, who acknowledged being the widow of Martin Garza and informed the realty specialist that she had received the OTS packet; Defendant San Juanita J. Garza and the realty specialist agreed to meet the following day to discuss the OTS packet.

On June 16, 2020, the USACE realty specialist met with Defendant San Juanita J. Garza at Defendant Garza's rental home and discussed the value letter and OTS. Defendant Garza raised concern with the Government's acquisition of the Subject Tract, mainly about having access to the southern remainder and took issue with landowner's potential loss of rights to utilize water from the Rio Grande river to irrigate the northern/southern remainder after acquisition. The realty specialist explained to Defendant Garza that landowner will continue to have access to the southern remainder through a designated gate location, and that the acquisition will be subject to landowner's water rights; thus, the use of the Rio Grande river to irrigate land owned by landowner will not be affected by the acquisition of the Subject Tract. The realty specialist requested that Defendant Garza and/or proper representative of deceased landowner Martin Garza contact the realty specialist after considering the OTS packet.

On June 22, 2020, the USACE realty specialist spoke with Defendant San Juanita J. Garza, who informed the realty specialist that she will not present an OTS of the Subject Tract to the Government for the amount provided in the Government's value letter. The realty specialist then requested that Defendant Garza provide a counteroffer at a value Defendant Garza determined to be market value for the Subject Tract. Defendant Garza informed the realty specialist that she had an individual looking into the value of the larger parcel of the Subject Tract, but could not confirm whether that individual would provide an opinion to Defendant Garza on market value to support a counteroffer.

On July 1, 2020, the realty specialist called Defendant San Juanita J. Garza to obtain an update

on obtaining a counteroffer for the sale of the Subject Tract and left a detailed message on the voicemail. The following day, the realty specialist called Defendant Garza, who stated that she had contacted an individual to obtain a second opinion on value but no appointment had been scheduled; Defendant Garza further stated nothing had been done yet and could not confirm when she could provide a counteroffer.

On July 14, 2020, USACE referred the Subject Tract to the Department of Justice - U.S. Attorney's Office for the Southern District of Texas ("DOJ") for further negotiations and recommended condemnation due to inability to negotiate the direct purchase, or receive a timely counteroffer, as to the Subject Tract within USACE's allotted negotiation period.

From July 15 to July 24, 2020, the undersigned Assistant United States Attorney ("AUSA") reviewed the title report, title documents, and pre-condemnation appraisal associated with the Subject Tract. The undersigned noted an issue with respect to uncertainty of the probate status of deceased landowner Martin Garza, as well as the need to identify the proper party representative to negotiate and represent the interest of Martin Garza with respect to the sale of the Subject Tract. On July 27 and 30, 2020, the undersigned attempted to contact Defendant San Juanita J. Garza and left detailed voice messages requesting that Defendant Garza return his call to negotiate the OTS and to obtain probate heirship/information for Martin Garza. Defendant Garza did not return the call.

On August 4, 2020, the undersigned mailed an OTS and value letter to Defendant San Juanita J. Garza, informing Defendant Garza that DOJ will be handling negotiating the direct purchase of the Subject Tract and requesting a meeting with Defendant Garza to discuss this matter. Defendant San Juanita J. Garza did not respond to DOJ's correspondenc,e and either did not respond to phone calls, or hung up on calls made by DOJ throughout August and October 2020.

Due to the immediate need to acquire the Subject Tract, on behalf of Plaintiff, DOJ filed a Complaint in Condemnation (Dkt. 1) and Declaration of Taking (Dkt. 2) October 22, 2020. Because Martin Garza's estate administration and/or heirship determination remained unknown prior to the filing of this condemnation action, Plaintiff named the Estate of the Martin Garza as a party defendant as having an interest in just compensation for the taking of the Subject Tract. Since the commencement of this condemnation action, Plaintiff has continuously attempted to negotiate all remaining issues in this case with Defendant San Juanita J. Garza, however, Defendant Garza actively refuses to engage in settlement discussions with Plaintiff and/or remains reluctant to resolving the pending issues in this case.[5] On the other hand, Plaintiff and Defendant Ameida Salinas, Starr County Tax Assessor-Collector, have agreed on resolving all remaining issues in this case and settlement is pending Plaintiff's resolution of the issue of just compensation with Defendant San Juanita J. Garza

On January 4, 2021, the undersigned conferred with Jaime "Jim" Ramon, attorney for Defendant San Juanita J. Garza in the concurrent probate case involving the Estate Martin Corona Garza, who confirmed that he will not be representing Defendant Garza in this instant case; that afternoon, the undersigned spoke with Defendant Garza, who informed the undersigned that she will not be retaining counsel in this case and will not cooperate with Plaintiff in resolving any issues in this case. After the Court granted Defendant San Juanita J. Garza's substitution in place of the Estate of Martin Garza on January 7, 2021[6], the undersigned attempted to contact Defendant Garza on January 7, 13, 28-29, 2021 with no success.

---

[5] Dkt. 11 at 3, ¶¶ 6-8.
[6] Dkt. 13 at 2, 4.

Plaintiff respectfully requests the Court delay discovery and the entry of a Scheduling Order in this case for 60 days from the entry of the January 20, 2021 Presidential Proclamation No. 10142. After the 60 day pause and to the extent permitted by the **Plan for Redirecting Funding and Repurposing Contracts,** Plaintiff will move the Court for an order granting immediate possession of the Subject Tract, and will proceed with discovery and the resolution of the of the issue of just compensation by brief submission.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Plaintiff and Defendant Ameida Salinas do not believe that formal alternative dispute resolution is applicable or needed in this case. Plaintiff has attempted to negotiate a settlement of this case with Defendant San Juanita J. Garza, however, Defendant Garza actively refuses to resolve in good faith the unresolved issues of possession and just compensation

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**17. Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Plaintiff and Defendant Ameida Salinas do not agree to a trial before a magistrate judge.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiff and Defendant Ameida Salinas make no demand for a jury trial.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**19. Specify the number of hours it will take to present the evidence in this case.**

Plaintiff's evidence in this case could be presented in 16 hours or less.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiff: None at this time.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**21. List other motions pending.**

Plaintiff: None.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**22.    Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

Plaintiff and Defendant Ameida Salinas respectfully request the Court delay discovery and entry of a Scheduling Order in this case for 60 days from January 20, 2021. After the 60 day pause and to the extent permitted by the **Plan for Redirecting Funding and Repurposing Contracts,** Plaintiff will move the Court for an order granting immediate possession of the Subject Tract, and will proceed with discovery and the resolution of the of the issue of just compensation by brief submission.

There is a possibility that rebuttal experts may be needed in this case. Plaintiff requests that the Court set a rebuttal expert deadline for forty-five (45) days after date of the mutual expert report exchange.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**23.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

Plaintiff filed a Disclosure of Interested Parties (Dkt. 5) with the Court on November 6, 2020; on January 13, 2021, Plaintiff filed its Amended Schedule "G" (Dkt. 14-1), reflecting the remaining parties in this case.

Defendant San Juanita J. Garza's position as to this question is unknown at this time.

**24.    List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**COUNSEL FOR PLAINTIFF:**

**BALTAZAR SALAZAR**
Assistant United States Attorney
S.D. Tex. ID No. 3135288
Texas Bar No. 24106385
600 E. Harrison Street, Suite 201
Brownsville, TX 78520
Telephone:  (956) 983-6057
Facsimile:  (956) 548-2775
E-mail:  Baltazar.Salazar@usdoj.gov
Attorney-in-Charge for Plaintiff

Respectfully submitted,

| FOR DEFENDANT: | FOR PLAINTIFF: |
|---|---|
| | RYAN K. PATRICK<br>United States Attorney<br>Southern District of Texas |
| s/Ameida Salinas, *with permission*<br>Defendant Ameida Salinas,<br>Starr County Tax-Assessor Collector<br>100 N. FM 3167, Room 201<br>Rio Grande City, Texas 78582 | By:  *s/ Baltazar Salazar*<br>**Baltazar Salazar**<br>Assistant United States Attorney<br>Attorney-in-Charge for Plaintiff<br>S.D. Tex. ID. No. 3135288<br>Texas Bar No. 24106385<br>**UNITED STATES ATTORNEY'S OFFICE**<br>**SOUTHERN DISTRICT OF TEXAS**<br>600 E. Harrison, Suite 201<br>Brownsville, Texas 78520<br>Telephone: (956) 983-5067<br>Facsimile: (956) 548-2775<br>Email: Baltazar.Salazar@usdoj.gov |

## CERTIFICATE OF SERVICE

I certify that on February 2, 2021, a copy of the foregoing document was served on all parties in this case via email or regular mail the named defendants in this case.

*s/ Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney